United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 27, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-51573
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMAICA LATRIN MCDADE,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:06-CR-86-ALL
--------------------

Before JONES, Chief Judge, and SMITH and STEWART, Circuit Judges.

PER CURIAM:[*]

Jamaica Latrin McDade appeals the 188-month sentence imposed following his guilty plea conviction for possession with intent to distribute phencyclidine (PCP). He argues for the first time on appeal that PCP is a Schedule II controlled substance and that the district court, therefore, erred by using the statutory maximum set forth in 21 U.S.C. § 841(b)(1)(C) when applying the career offender enhancement under U.S.S.G. § 4B1.1(b). He also argues that his trial counsel was ineffective for failing to object

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to the career offender enhancement on the ground that PCP was a Schedule III controlled substance.

Contrary to McDade's assertion, PCP is a Schedule II controlled substance. See 21 U.S.C. § 812(a); 21 C.F.R. § 1308.12. Accordingly, McDade has not shown that the district court erred by using the statutory maximum sentence set forth in § 841(b)(1)(C).

Any objection to the application of § 4B1.1(b) on the ground that PCP was a schedule III controlled substance would have been frivolous. Accordingly, counsel was not ineffective for failing to raise this issue before the district court. See United States v. Glinsey, 209 F.3d 386, 392-93 (5th Cir. 2000); Green v. Johnson, 160 F.3d 1029, 1037 (5th Cir. 1998).

AFFIRMED.